TAKAYAMA *v.* UNITED STATES (No. 1502).[1]

COTTON TIDIES AND BUREAU SCARFS WITH FIGURES OR DESIGNS.

The figures on these goods are outlined exclusively by threads introduced after weaving and they are not produced by combining these threads with threads of the fabric. The goods were properly assessed under paragraph 358, tariff act of 1913.

[1] Reported in T. D. 35396 (28 Treas. Dec., 781).

United States Court of Customs Appeals, May 3, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7637 (T. D. 34918).

[Affirmed.]

*Allan R. Brown* for appellant.

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Cotton tidies and bureau scarfs were assessed for duty by the collector of customs at the port of New York at 60 per cent ad valorem under the provisions of that part of paragraph 358 of the tariff act of 1913 which reads as follows:

358. * * * Woven fabrics or articles from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving, forming figures or designs, not including straight hemstitching; * * * all of the foregoing of whatever yarns, threads, or filaments composed, 60 per centum ad valorem.

The importer claimed that the goods were dutiable at a lower rate than 60 per cent ad valorem under various other paragraphs of the same act, but the ground of protest upon which he really relied was the claim that the tidies and scarfs were articles or manufactures of cotton, dutiable at 30 per cent ad valorem under the provisions of paragraph 266, which said paragraph reads as follows:

266. All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton or of which cotton is the component material of chief value, not specially provided for in this section, 30 per centum ad valorem.

The Board of General Appraisers overruled the protest and the importer appealed.

In support of the appeal counsel for the importer contends that the phrase "forming figures or designs," in paragraph 358, modifies the phrase "threads introduced after weaving," and that the provision for drawnwork is therefore confined to the drawnwork articles containing figures or designs formed by threads other than those of the fabric and does not cover woven articles upon which figures or designs have been produced either by eliminating threads of the fabric or by combining threads of the fabric with threads introduced after weaving. The board decided and the Government now argues that the phrase "forming figures or designs" relates, as indicated by the punctuation, not only to "threads introduced after weaving," but also to the first clause of the paragraph, and that so construed the operation of the provision extends to drawnwork articles the released threads of which are gathered together by means of additional threads so as to form figures or designs. The board in its decision took occasion to say that drawnwork goods having figures or designs produced by means of additional threads alone and not by combining such threads with

threads of the fabric were not covered by that part of paragraph 358 hereinbefore set out, but by the provision therein for articles made wholly or in part of lace or of imitation lace of any kind.

Whether we adopt the interpretation contended for by the importer or that applied by the board and urged by the Goverment, it is apparent that drawnwork articles containing figures or designs composed exclusively of threads introduced after weaving must be held to be within the intention of paragraph 358. That being the case, we will first consider whether into the goods under discussion threads have been introduced after weaving which *per se* form figures or designs.

From the testimony found in the record and the samples in evidence it appears that the scarfs and tidies in controversy are embellished with that class of openwork effects commonly known as hemstitching and drawnwork. Those effects are produced on the merchandise in issue by withdrawing or eliminating from the warp or weft or from both certain threads of the fabric and then drawing the disengaged threads into groups by means of additional threads, which in some cases are carried around the open spaces thus produced. To obtain the hemstitching effect the disengaged threads are grouped by drawing them together at the top and bottom by means of an additional thread, thus producing a rectangular opening the cloth edges of which are apparently oversewn with the same additional thread in order to retain in place the unreleased threads of the fabric. In the other openwork effects the disengaged threads are grouped by drawing them together at the center with an additional thread, thus giving to the grouped threads the shape of an hourglass and leaving an open space, which, according to location, is either quadrilateral, pentagonal, or hexagonal in form. We have examined a great number of these open spaces and in every case we find that the additional thread used to bind the released threads together is carried around the five-sided and six-sided open spaces in such a way as to form a quadrangular figure bounded by a triangular space on each of its four sides. Some of the figures thus evolved are diamond-shaped, while others are oblongs, the sides of which are not quite parallel. Such figures, whether diamond shaped or not, and whether regular or irregular, are outlined exclusively by threads introduced after weaving and are not produced by combining such threads with threads of the fabric. From the physical evidence afforded by samples of the goods themselves it is apparent, therefore, that the drawnwork articles here involved do contain additional threads which *per se* form figures or designs, and from that it follows that the goods are dutiable at the rate assessed by the collector, even if the interpretation of paragraph 358 claimed by the importer be accepted as correct. With that as the state of the case we are not called upon

at this time to decide whether the provisions of paragraph 358 under consideration are limited to drawnwork articles the figures or designs of which are produced by additional threads alone or are comprehensive enough to include not only such drawnwork articles, but also those the figures or designs of which are formed by combining threads of the fabric with threads introduced after weaving.

The decision of the Board of General Appraisers is *affirmed*.